# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO SANTANA CHAVEZ,<br><br>                          Plaintiff,<br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>                         Defendant. | CASE NO. 07CV0994-LAB<br>[Related Case No. 05cr0410-LAB]<br><br>**ORDER DENYING 28 U.S.C.<br>§ 2255 MOTION TO VACATE, SET<br>ASIDE, OR CORRECT<br>SENTENCE**<br><br>[Dkt No. 31] |

       In recorded proceedings on July 11, 2005, the undersigned District Judge imposed on criminal defendant Ricardo Santana Chavez ("Chavez") a 71-months sentence after he pled guilty to a single-count indictment accusing him of being a deported alien found in the United States. The imposition of sentence followed thorough discussion on the record of the Pre-sentence Report, supplemental Probation Report documents pertaining to prior convictions, defense counsel's arguments in mitigation regarding reasons for defendant's illegal entry, the nature and timing of his prior record, statements Chavez made in his own defense, and the court's recitation of a series of findings in consideration of the record pertinent to the application of the advisory Sentencing Guidelines. For the reasons recited on the record, the court denied a defense motion to adjust downward Chavez's criminal history score after considering relevant factors and determined the "overriding need for

imposing sentence here is deterrence." Opp. Exh. 4, 12:16-18. Chavez's 71-months sentence was at the upper-end of the Guideline range. The court concluded the hearing:

> THE COURT: . . . This was a plea without a plea agreement, right, Mr. Demik?
>
> [Defense Counsel] MR. DEMIK: That's correct, Your Honor.
>
> THE COURT: Mr. Santana, you have a right to appeal the sentence and judgment of this court. Your notice of appeal must be filed within ten days of today's date. . .

R.T. 12:21-13:1.

Defendant appealed. By Memorandum filed October 25, 2006, the Ninth Circuit affirmed the judgment, finding from a "review of the record, the opening brief and the opposition to the motion for summary affirmance . . . that the questions raised in this appeal are so insubstantial as not to require further argument." Dkt No. 30.

Chavez now collaterally attacks his sentence. He has filed in this court a 28 U.S.C. § 2255 Motion To Vacate, Set Aside, Or Correct Sentence.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence. . . .

28 U.S.C. § 2255.

Chavez first contends he was denied effective assistance of counsel at sentencing, asserting his attorney "failed to argue to the court that he should have been enhanced 12 points instead of 16 points for the [prior] drug trafficking offense," whereas "nobody argue[d] or objected to the imposition of the 16 point enhancement, and the court did not give an exact explanation." Mot. p. 4. Second, he argues "the court should have sentenced defendant [to a term less than the guideline maximum] based on the recommendation of the government, the defense attorney, and the probation officer, because the defendant did have a valid excuse for having returned to the U.S. and that was because defendant's

daughter was seriously ill at that time." Mot. pp. 4-5.  The government had recommended he be sentenced to 64 months in prison (the middle of the Guideline range), and his attorney recommended the low end or middle range.  "The court should reconsider the imposition of that harsh sentence and re-sentence the defendant to the low end of the guidelines or the middle of the guidelines range, in the interest of justice," promising the court he "will not return to this country and instead will have his daughter visit him in Mexico." Mot. p. 5.  The government filed an Opposition to the Motion.  Dkt No. 34.  Chavez filed no Reply.  For the reasons discussed below, the Motion is **DENIED**.

With respect to the Motion Ground One, Chavez's contention he received ineffective assistance of counsel at the time of sentencing is without merit.  In order to prevail on such a claim, he had to show (1) his attorney's performance was deficient, and (2) that deficient performance prejudiced his defense.  Strickland v. Washington, 466 U.S. 668, 690-92 (1984).  His assertion his counsel failed to argue for a 12-point enhancement or to object to the 16-point enhancement for his May 6, 1994 drug trafficking offense misstates the record.  Chavez actually acknowledges his counsel "raised the issue in the objection to the pre sentence report," but insists his counsel "should have continued to argue that he should have received 12 enhancement points under the guidelines as established in U.S.S.G. § 2L1.29b)(1)(B)." Pet. p. 5.  Defense counsel had filed thorough written Objections to the Pre-Sentence Report and Sentencing Memorandum on June 17, 2005, arguing for the lesser enhancement, among several other downward departure requests, all of which were addressed at sentencing. See Opp. Exh. 2.  In response to defense counsel's pre-sentence report objections, the probation officer supplemented the record of Chavez's criminal history, demonstrating the sentence he had received exceeded 13 months, necessarily subjecting Chavez to a 16-level enhancement for the instant offense pursuant to U.S.S.G. § 2L1.2(b)(1)(A).[1]  Opp. 5:24-28.  At the sentencing hearing, the court confirmed defense counsel had received a copy of the criminal history documents and opined those documents

---

[1]  Chavez mistakenly argues, supported by no authority, he would have had to serve five years in prison in order to be deemed an aggravated felon for immigration law purposes.  Pet. p. 5.

1 | resolved the enhancement objections, removing any legal basis for defense counsel to
2 | continue legitimately to argue for the lower level enhancement. Opp. Exh. 4 pp. 5-6. Chavez
3 | cannot prevail on an argument his counsel's representation was ineffective for thereafter
4 | abandoning that discredited position as somehow prejudicing his defense.  Thus, neither
5 | prong of the Strickland test is satisfied because counsel actually made the argument, and
6 | the court properly rejected it.

7 | With respect to the Motion Ground Two, Chavez raises no issue of fact or law
8 | colorably supporting a sentence modification.  He simply urges the court to reconsider the
9 | exercise of its discretion in imposing a sentence at the high end of the Sentencing Guideline
10 | range in reliance on his original argument his alleged motivation for illegally reentering the
11 | United States provided a "valid excuse."  Pet. pp. 4-5.  A bare request for reconsideration
12 | of a valid sentence imposed within the court's jurisdiction after due consideration of all the
13 | factors, filings, and arguments from both sides fails to raise any ground warranting
14 | reconsideration or 28 U.S.C. § 2255 relief.

15 | The court sentenced Chavez within the applicable guideline range. The court
16 | observed Chavez had been convicted in 1998 in this federal court for the very same offense,
17 | having "presented himself at that time at the San Ysidro Port of Entry, told the immigration
18 | inspector he was a U.S. citizen, but it was discovered, of course, that he wasn't and he had
19 | a criminal history."  Opp. Exh. 4, 7:10-13.  The court noted Chavez was sentenced to 70
20 | months for his conviction of that crime, "and now he's back, convicted of the same offense,
21 | and I can't come up with a rational reason for going backward on this."  Id. 7:14-17. In
22 | furtherance of the deterrence rationale in the imposition of criminal sentences, the court
23 | selected the upper end of the 57 to 71 months guideline range for the reasons and based
24 | on the calculations recited on the record, observing:

> And here I have been looking for a reason to try to go under the 70 months. I can't find it. Why would I go backwards in this case and give him a sentence less severe for the same offense than the one he received in 1998?

28 | Opp. Exh. 4, 8:3-6.

For all the foregoing reasons, the court finds Chavez has not carried his burden to demonstrate entitlement to 28 U.S.C. § 2255 relief, and **IT IS HEREBY ORDERED** the Motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: December 4, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge